**In re S.N.A. NUT COMPANY, Debtor.**

**S.N.A. Nut Company, Plaintiff,**

**v.**

**The Haagen–Dazs Company, Inc., Defendant.**

**Bankruptcy No. 94 B 5993.
Adversary No. 96 A 1237.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 29, 1999.

---

Catherine Steege, Chicago, IL, for Plaintiff.

James R. Figliulo, for Chicago, IL, for Defendant.

## Memorandum Opinion

ERWIN I. KATZ, Bankruptcy Judge.

This matter is before the court on S.N.A. Nut Company's ("SNA's") motion to reconsider portions of this court's Memorandum and Opinion and Order, entered on November 20, 1998 ("Opinion"), in accordance with Fed. R. Bankr.P. 9023.

## Jurisdiction

This Court has jurisdiction over this matter under 28 U.S.C. section 1334(b) as a matter arising under the Bankruptcy Code. This matter is a core proceeding under 28 U.S.C. section 157(b)(2)(*O*) as a proceeding to adjust the relationship between the debtor and a creditor. This matter is before the court pursuant to a referral from the United States District Court for the Northern District of Illinois.

## Discussion

SNA requests that the court reconsider its conclusion that there were disputed issues of fact in connection with: (1) the quantity term of the macadamia mini contract; (2) Haagen Dazs' ("HD") tenth affirmative defense; (3) Haagen Dazs' thirteenth affirmative defense; and (4) Haagen Dazs' "rejection defense." For the reasons stated below, SNA's motion for reconsideration of the Opinion is granted in part and denied in part.

*Macadamia Mini Cups*

SNA disagrees with the court's conclusion in the Opinion that there is a question of fact regarding the quantity term of the macadamia mini cup contract. According to SNA, the June 9, 1994 letter from Hank Rich, SNA's broker, to HD, is outcome determinative because that letter contains a quantity term of 200,000 pounds and HD did not object to the terms of the letter. SNA further contends that HD's denial that it received the June 9, 1994 letter is improper because it is not supported by citations to the record. SNA further contends that the inventory reports, HD's low inventory of mini

cups, and the forecast reports, are insufficient to create a factual issue.

The court has considered SNA's arguments and disagrees with SNA. The court finds that the quantity term of the macadamia mini cup contract is ambiguous and finds no factual basis to reconsider the Opinion.

### HD's Tenth Affirmative Defense

■ SNA disagrees with the court's finding in the Opinion that there are issues of material fact regarding Haagen Dazs' tenth affirmative defense. In its tenth affirmative defense, HD claims that it did not breach the contracts with SNA because SNA's failure to provide it with adequate assurance of performance excused HD's performance of the contracts. According to SNA, HD did not support this defense in its response to SNA's motion for summary judgment.

The court finds that HD supported its tenth affirmative defense in its response to SNA's motion for summary judgment. Whether HD had reasonable grounds for insecurity, whether SNA was aware of HD's request for adequate assurance, and whether SNA provided assurance, are factual issues. These issues are material since they bear on whether HD breached the contracts. Accordingly, the court finds no factual or legal basis to reconsider the Opinion.

### HD's Thirteenth Affirmative Defense

■ HD's thirteenth affirmative defense concerns a pecan contract. The pecan contract was the subject of an earlier adversary proceeding before this court, Adversary No. 95 A 00196. In that proceeding, SNA sued HD to recover payment for goods which HD received from SNA after the petition date. HD counterclaimed, alleging that SNA breached the pecan contract. HD also filed a proof of claim in SNA's bankruptcy case for damages caused by SNA's alleged breach of the pecan contract.

Judgment was entered against HD for the unpaid purchase price of the pecans. Thereafter, HD, SNA and The Pillsbury Co., agreed to settle that judgment. The order approving the settlement, dated December 4, 1996, provided, among other things, that HD would: (1) pay a certain sum of money to SNA; (2) would dismiss with prejudice its appeal of the judgment entered against it, and (3) that any claim HD had against SNA relating to the sale of pecan or pecan products at issue in the adversary proceeding, were disallowed. HD specifically reserved its right to defend against any claims that are the subject of the instant adversary proceeding: "Haagen–Dazs and the Debtor each reserves all rights to defend against any claims that are or become the subject of Adversary Proceeding 96 A 01237, S.N.A. Nut Company v. The Haagen–Dazs Co., Inc.." (SNA ex. JJ 12M Statement).

SNA requests that the court grant summary judgment on HD's thirteenth affirmative defense wherein HD asserts that SNA's repudiation of the pecan contract excused HD's performance under the contracts and therefore, HD did not breach the contracts. SNA contends that HD did not address this defense in its response to SNA's motion for summary judgment and that the court did not address the defense in its Opinion.

HD only briefly addressed its thirteenth affirmative defense in its 12N statement (para.75). In its 12N statement, HD admits that it asserted a counterclaim in the adversary proceeding, admits that it filed a proof of claim; admits that a settlement agreement was reached and that its claims were dismissed with prejudice. (12N, para.75). HD states further in its 12N statement that it preserved all of its defenses and that the settlement did not determine the merits of the action but merely precluded HD from pursuing a remedy based on the pecan contract. (12N, para.75). HD did not address this defense in its response or surreply filed in opposition to SNA's motion for summary judgment. In its response to SNA's motion to reconsider, HD simply contends that its 12N statement was a sufficient response, and does not deny that it made no legal argument in support of its affirmative defense. The court did not specifically address this affirmative defense in its Opinion or in its Order.

Sliding over the issue of whether HD's 12N statement, paragraph 75, is insufficient to create a question of fact, HD offers no argument or authority in support of its position that SNA's repudiation of the pecan contract excused HD's performance under

the contracts and therefore, HD did not breach the contracts. HD's failure to support its contention leads this court to grant summary judgment in favor of SNA on this issue. *See Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite lack of supporting authority or in the face of contrary authority, forfeits the point.")

*Rejection Defense*

■ SNA also requests that the court enter summary judgment on HD's so called "rejection defense." As articulated by HD, even if HD repudiated its contracts with SNA, SNA reinstated the contracts by continuing to ship product and demanding future performance from HD. After the contracts were reinstated, SNA did not tender delivery of the products or notify HD that it intended to enforce the contracts. These "supervening" circumstances create an issue of fact concerning whether HD breached its contracts with SNA. Essentially, HD contends that SNA waived HD's repudiation/breach of the contracts and by so doing, treated the contracts as if they remained in full force and effect at all times. By treating the contracts as if they were in full force, SNA's subsequent (alleged) failure to tender goods is a supervening event that prevents HD from being found to have breached the contracts.

■ In its motion to reconsider, SNA asserts that HD did not preserve this defense in the Pretrial Order. HD claims that it preserved the defense because the facts underlying the defense are part of the record. HD's contested factual portion of the Pretrial Order contains the following statements:

12. Whether Haagen–Dazs continued to purchase almonds and walnuts after the alleged expiration date of the alleged contracts.

32. SNA filed an adversary claim against Haagen–Dazs in February, 1995 (95 A 196, referred to as "the first adversary[sic]"), seeking recovery on unpaid invoices.

The purpose of a pretrial order is to let the litigant's know what facts are at issue and what legal issues are at issue. Without knowledge of either the contested facts or issues of law, a party cannot properly prepare its case. The Agreed Contested Issues of Law section of the Pretrial Order does not include a reference to HD's "rejection defense," although the other affirmative defenses asserted by HD are included in that section. HD contends that the statements contained in the "Contested Issues of Fact" portion of the Pretrial Order are sufficient to preserve HD's defense that SNA rejected any repudiation of the contracts. The court finds that the legal issue raised by HD cannot be identified from the factual statements in the Pretrial Order. Thus, the court finds that HD did not preserve its "rejection defense" in the pretrial order. Accordingly, summary judgment on the "rejection defense" must be entered in favor of SNA.

### Conclusion

For the reasons stated, SNA's motion for reconsideration is granted in part and denied in part. SNA's motion for reconsideration is granted, and summary judgment is entered in favor of SNA, on the issue of HD's thirteenth affirmative defense and HD's "rejection defense." SNA's motion for reconsideration is denied, and summary judgment is denied, in connection with the quantity term of the macadamia mini contract and HD's tenth affirmative defense.

### ORDER

For the reasons set forth in the Memorandum Opinion, dated March 29, 1999, and this matter coming before the court on S.N.A. Nut Company's motion for reconsideration of this court's Memorandum Opinion, dated November 20, 1998, concerning S.N.A. Nut Company's motion for summary judgment, the motion for reconsideration is granted in part and denied in part.

SNA's motion for reconsideration is granted, and summary judgment is entered in favor of SNA, on the issue of HD's thirteenth affirmative defense and HD's "rejection defense." SNA's motion for reconsideration is denied, and summary judgment is denied, in connection with the quantity term of the macadamia mini contract and HD's tenth affirmative defense.

16

## ORDER

This matter comes before the court on S.N.A. Nut Company's Motion for Reconsideration of this Court's order denying S.N.A. Nut's Company's Motion to Strike Jury Demand. Based on the Seventh Circuit's opinion in *In Re Peachtree Lane Associates, Ltd.,* 150 F.3d 788 (7th Cir.1998), the Court finds the *Peachtree* decision controlling. The Motion to Reconsider is granted. The Jury Demand filed by The Haagen–Dazs Company is hereby stricken.